**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALTITUDE PROPERTY MANAGEMENT, LLC,<br><br>Plaintiff;<br><br>vs.<br><br>UNHITCHED RV PARK AND LANDING LLC<br><br>Defendant. | Civil Action No. _______<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Altitude Property Management, LLC ("Altitude" or "Plaintiff") brings this Complaint for trademark infringement, false designation of origin, false advertising, and unfair competition against Unhitched RV Park and Landing LLC ("URPL" or "Defendant") arising out of its unauthorized use of Plaintiff's UNHITCHED mark, and hereby alleges as follows:

## PARTIES

1. Altitude is a limited liability company organized under the laws of the State of Florida with a principal place of business at 125 W. Romana St., Ste. 800, Pensacola, Florida 32502.

2. On information and belief, URPL is a limited liability company organized under the laws of the State of Arkansas with a principal place of business at 801 Highway 270, Malvern, Arkansas 72104.

## JURISDICTION AND VENUE

3. This is an action for injunctive and monetary relief arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and for violations of Florida common law. The State law claims in this action arise out of the same operative facts as the substantive federal claim to which they are joined.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this case arises under the Lanham Act, 15 U.S.C. § 1051 *et. seq*. This Court has supplemental jurisdiction over all state law in the civil action pursuant to 28 U.S.C. § 1367 because the state claims are so related to claims over which this court has original jurisdiction that the state law claims form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over the Defendant because, on information and belief, it does business in the State of Florida with persons who reside in this State. Defendant uses the UNHITCHED mark on their website in connection with the advertising and offering of their services – namely, recreational vehicle ("RV") park services. RV park services by their nature are rendered to a class of consumers who tend to be engaged in travel among the States. Defendant's website is interactive and is used to solicit business from such consumers, including Florida residents. On information and belief, Defendant has used the website and the

UNHITCHED mark to solicit and obtain business from customers outside the State of Arkansas, including residents of Florida, and has engaged in or intended to engage in transactions with such customers under the mark.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because URPL is subject to personal jurisdiction in this District with respect to the claims asserted in this action, and therefore is deemed to reside here for venue purposes.

## PLAINTIFF AND ITS RIGHTS

7. Altitude was founded and has been built by RV owners, campers and outdoor families who understand the RV park and campground lifestyle and industry.

8. Altitude adopted and began using the UNHITCHED mark ("the Mark") in September 2024 in connection with the marketing and rendering of services in connection with RV parks and campgrounds. Use of the Mark in commerce for such services has been continuous since that date.

9. Altitude also began offering under the Mark in September 2024 business management and financial services to other parties that own RV parks and campgrounds. Use of the Mark in commerce for such services has been continuous since that date.

10. Altitude also adopted and began using in commerce in September

2024 the following logo ("the Logo") that includes the Mark in connection with RV parks and campgrounds:

Use of the Logo in commerce for such services has been continuous since that date.

11. In 2024, Altitude used the Mark and the Logo in connection with RV parks and campgrounds it owns and/or manages in the States of Alabama, Florida, Kentucky, North Carolina, South Carolina and Tennessee. Each of the Plaintiff's RV parks in these States either features the UNHITCHED mark in its name or is at least promoted under the UNHITCHED mark on Altitude's website at unhitchedrv.com and a related Facebook page.

12. In 2025, Altitude expanded its operations by adding more RV parks to its portfolio. It now owns, operates and/or manages 36 RV parks and campgrounds promoted under the Mark and the Logo located in the following 14 States: Alabama, Arizona, California, Florida, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Missouri, North Carolina, South Carolina, Tennessee and Texas.

13. Altitude has spent several hundred thousand dollars on advertising and promoting its RV park and campground services offered under the Mark and the Logo by means of its website located at https://www.unhitchedrv.com/, social media

platforms, digital advertisements, signage, billboards and banners, and direct mailings. Through these efforts, Altitude has advertised and promoted its UNHITCHED services to millions of RV owners throughout the United States.

14. The nature of the RV park and campground business is such that each of Altitude's RV parks promoted under the Mark and the Logo renders its services to many persons who reside in other States. For example, Plaintiff has rendered its services at its RV parks to hundreds of persons who reside in Arkansas.

15. The UNHITCHED Mark and the Logo and Altitude's services rendered thereunder have received favorable attention and reviews from various media sources. For example, five of Altitude's RV parks have been named "Best of the Best Campgrounds" by RV Life, a leading industry publisher and technology company, and its park in Foley, Alabama received in October 2025 a very favorable review on the *Endless RVing* YouTube channel in a video that has received over 34,000 views.

16. Altitude has expended considerable funds and effort in promoting and advertising its services identified by the Mark and the Logo, and these services have enjoyed enormous commercial success, received awards, and been the subject of substantial, unsolicited media attention. As a result, Plaintiff has established an

enviable reputation, acquired substantial goodwill, and attained distinctiveness in the Mark and Logo throughout the United States.

17. The UNHITCHED Mark and the Logo identify and distinguish Altitude as the source for Plaintiff's RV park services and related services.

**DEFENDANT'S ACTS**

18. On information and belief, in or about January 2026, Defendant began offering RV park and landing services ("Defendant's Services") at a location in or near Malvern, Arkansas under the UNHITCHED name and mark. Defendant has made use of the UNHITCHED name in connection with Defendant's Services through its advertising, promotional activities, and offering for sale of its services to consumers in multiple states, including, upon information and belief, Florida. This includes Defendant's website located at https://unhitchedrvpark.com/.

19. Defendant's use of the name and mark UNHITCHED has caused irreparable harm to Altitude by creating a likelihood of confusion as to the source, sponsorship and/or approval of the Defendant's Services, and through the depreciation of Plaintiff's valuable goodwill and reputation symbolized by the distinctive UNHITCHED name and mark. Defendant's unlawful acts, unless restrained, are likely to continue causing such irreparable harm to Altitude for which it has no adequate remedy at law.

20. In a letter dated April 2, 2026, counsel for Plaintiff notified Defendant of Plaintiff's trademark infringement, unfair competition and advertising-related claims. A copy of the letter is attached as Exhibit A. A follow-up letter was sent by Plaintiff's counsel on May 7, 2026 (copy at Exhibit B).

21. Defendant has not only used the name and mark UNHITCHED, but also has presented the mark in a font that is identical or substantially similar to the font used by Altitude for the Logo. This increases the likelihood of consumer confusion. An example of such use, taken from Defendant's Facebook website, is attached as Exhibit C.

22. On information and belief, despite notice of Altitude's claims, Defendant has continued operating under the UNHITCHED name and mark.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION 15 U.S.C. §1125(a)

23. Altitude repeats and realleges paragraphs 1 through 22 as if set forth herein.

24. Defendant has used the UNHITCHED name and mark, and confusingly similar variations thereof, in commerce in connection with the advertising, promotion, offering for sale, and sale of RV park and landing services. Defendant's use of the UNHITCHED name and mark is likely to cause confusion, mistake, or

deception among consumers and the trade as to the affiliation, connection, or association of Defendant with Altitude, or as to the sponsorship, approval, or origin of Defendant's Services.

25. By reason of the foregoing acts, Defendant has engaged in infringement of the Mark and the Logo, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a). Plaintiff has been damaged and, unless enjoined, will continue to suffer irreparable harm, and is entitled to the remedies provided under 15 U.S.C. §§ 1116 through 1118 and other applicable law.

**COUNT II**

**FEDERAL FALSE ADVERTISING**
**15 U.S.C. §1125(a)**

26. Altitude re-alleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

27. Defendant sells Defendant's Services in interstate commerce and is engaged in advertising in connection with the marketing of Defendant' Services.

28. Defendant's claims made in its advertising for Defendant's Services under the name and mark UNHITCHED are false and misleading in that they make a false connection to Altitude and its UNHITCHED Mark and Logo.

29. Defendant's claims are likely to deceive or confuse a substantial segment of the buying public.

30. The deceptive conduct of Defendant is and has been willful and deliberate, and has injured and continues to injure Altitude and consumers, and violates Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

31. Altitude has been and continues to be damaged by the false advertising of the Defendant through the lessening of the goodwill that Altitude enjoys with respect to the Mark and the Logo among the relevant segment of the public.

32. Altitude has no adequate remedy at law to redress these injuries.

**COUNT III**

**FLORIDA COMMON LAW UNFAIR COMPETITION**

33 Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

34. Altitude has used the UNHITCHED mark in commerce since September 2024 in connection with its RV park services and related services and, through such longstanding use, advertising, promotion, and the goodwill associated therewith, has acquired valuable and enforceable common law rights in the UNHITCHED Mark and the Logo in Florida and elsewhere.

35. Defendant has used the UNHITCHED name and mark, and confusingly similar variations thereof, in commerce and in connection with the advertising, promotion, offering for sale, and sale of Defendant's Services, without the consent or authorization of Altitude. Upon information and belief, Defendant's advertising,

promotion, offering for sale, and sale of Defendant's Services have reached consumers and residents in the State of Florida.

36. Defendant's use of the UNHITCHED name and mark is likely to cause confusion, mistake, or deception among consumers, customers, prospective customers, and the trade as to the affiliation, connection, or association of Defendant with Altitude, or as to the sponsorship, approval, or origin of Defendant's Services, including within the State of Florida and elsewhere.

37. The foregoing acts by Defendant constitute unfair competition under Florida common law. Altitude has suffered damages and loss of goodwill and, unless enjoined, will continue to suffer irreparable harm.

38. Altitude is therefore entitled to preliminary and permanent injunctive relief, damages, costs, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. An order adjudging that:

A. Plaintiff's UNHITCHED mark is valid, enforceable and the exclusive property of Altitude; and that Defendant has infringed the UNHITCHED Mark and the Logo and competed unfairly with Altitude, and that such infringement and unfair competition have been willful; and

B. Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c).

2. That URPL, and each of its officers, agents, servants, employees, successors and assigns, and all persons in active concert or participation with them, be enjoined, preliminarily and permanently, from:

A. Using in any manner UNHITCHED as a mark or name, and any other mark or name which so resembles the UNHITCHED mark as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not authorized by Altitude;

B. Using any false or misleading designation of origin which tends to pass off Defendant's Services as those of Altitude;

C. Any conduct that otherwise infringes the UNHITCHED Mark or the Logo or competes unfairly with Altitude; and

D. Engaging in false or deceptive advertising in comparing Defendant's Services with any product or service offered by Altitude under the UNHITCHED mark.

3. An order directing Defendant to deliver to Altitude, for destruction or other disposition, any and all signage, marketing materials or any other printed matter in their possession or control bearing UNHITCHED as all or part of a mark

or name, or any other mark or name which so resembles the UNHITCHED mark as to be likely to cause confusion, mistake or deception.

4. An Order permanently enjoining Defendant from making any of the advertising claims challenged as false or misleading in this Complaint in its website, commercials, advertisements, and other promotional materials, and from using any domain name or social media name or handle that consists in whole or in part of the term UNHITCHED or a confusingly similar term.

5. An Order permanently enjoining Defendant from using any domain name or social media name or handle that consists in whole or in part of the term UNHITCHED or a confusingly similar term.

6. An Order requiring Defendant to disseminate corrective advertising to correct the false and misleading impressions created among consumers by the false or misleading claims complained of herein.

7. That Defendant, within 30 days after service of judgment, be required to file with the Court, and serve upon Altitude, a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs 2 through 6 above.

8. An Order directing an accounting of all profits and other gains received by Defendant from the use of the UNHITCHED name and mark in connection with

its acts of infringement and unfair competition and from its false or misleading advertising, with damages awarded to Altitude to the fullest extent allowed by law

9. That this Court order Defendant to pay treble damages and/or profits in view of their infringement, unfair competition and false or misleading advertising.

10. That Defendant pay all costs, disbursements and attorney's fees incurred in this matter.

11. That Plaintiff be awarded interest, including prejudgment interest, for any monetary award of damages.

12. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Altitude demands trial by jury in this action of all issues so triable.

September 1, 2026

Respectfully submitted,

*/s/ John R. Zoesch III*

**JOHN R. ZOESCH III**
Florida Bar No. 0045257
jack.zoesch@phelps.com
**BRANDON PETERSON**
Fla. Bar No.: 1069824
brandon.peterson@phelps.com
**PHELPS DUNBAR LLP**
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451

Scott J. Major, Esq. (not yet admitted *pro hac vice)*
Brian M. Koide, Esq. (not yet admitted *pro hac vice)*
**Millen White Zelano & Branigan PC**
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Telephone 703-243-6333
Facsimile 703-243-6410
major@mwzb.com;
bkoide@mwzb.com